**FILED**

**MARCH 4, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**08 C 1305**

| | | |
|---|---|---|
| TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION, WELFARE, SAVINGS, APPRENTICESHIP, SCHOLARSHIP, AND JOINT COOPERATION TRUST FUNDS, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | No.   **JUDGE MANNING** **MAGISTRATE JUDGE MASON** |
| v. | ) ) | Judge |
| S.A.BARNES CO., INC.,an Illinois corporation, | ) ) | |
| Defendant. | ) ) | |

### COMPLAINT

Plaintiffs, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION, WELFARE, SAVINGS, APPRENTICESHIP, SCHOLARSHIP AND JOINT COOPERATION TRUST FUNDS, by their attorneys, DONALD D. SCHWARTZ, JAMES R. ANDERSON, ANTHONY B. SANDERS, and ARNOLD AND KADJAN, complain against the Defendant, **S.A. BARNES CO., INC. ("BARNES ")** , as follows:

### COUNT I

### Jurisdiction and Venue

1.      This Court has subject matter jurisdiction pursuant to Section 301 of the National Labor Relations Act, as amended, 29 U.S.C. 185(a), and Section 502 of the Employee Retirement Security Act (ERISA) of 1974, as amended, 29 U.S.C. Section 1132(e)(1), 1145 and 28 U.S.C. Section 1331.

2.      The Northern District of Illinois is the proper venue pursuant to 29 U.S.C. Section 1132(e) as the Plaintiffs Funds are administered here in this judicial district.

## The Parties

3.    The Plaintiffs are the Trustees of the Chicago Painters and Decorators Pension, Welfare, Savings, Apprenticeship, Scholarship, and Joint Cooperation Trust Funds ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section1132(d)(1).

4.    The Funds have been established pursuant to Collective Bargaining Agreements previously entered into between the Painters' District Council No. 14 and its affiliated locals (the "Union"), and certain employer associations whose employees are or were covered by one or more Collective Bargaining Agreements with the Union.

5.    The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, 29 U.S.C. Section 186 et. seq., and the Employee Retirement Security Act, 29 U.S.C. Section 1001, et. seq., and also pursuant to the terms and provisions of the Collective Bargaining Agreements and Declarations of Trust ("Trust Agreements") which established the Funds.

6.    Defendant, **S.A. BARNES CO., INC. ("BARNES")**, an Illinois corporation, is an employer engaged in an industry affecting commerce. Since at least or about **1978, BARNES** entered into a Collective Bargaining Agreement with the Union ("Labor Agreement") whereby agreed to be bound by the provisions of the Labor Agreement. **BARNES** has affirmed, adopted, and ratified that agreement by employing members of the Union and by paying monthly fringe benefit fund contributions for nearly thirty years and is bound to the current agreement between the Union and certain employer associations.

## The Agreements

7.    Pursuant to the provisions of the Labor Agreement, **BARNES**    is bound to the Trust

2

Agreements and is required to make periodic contributions to the Funds for each hour worked by its bargaining unit employees working within the occupational and jurisdictional scope described therein at the rate and in the manner specified by the Labor Agreement and the Trust Agreements. In addition, **BARNES** is required to make contributions to the Funds measured by hours worked by subcontractors performing painters' or tapers' work who fail to make contributions to the Funds.

8.      Under the terms of the Labor Agreement and Trust Agreements to which it is bound, **BARNES** is required to submit all necessary books and records to Plaintiffs' auditor for the purpose of determining whether or not **BARNES** is in compliance with its obligation to contribute to the Funds. In addition, the Labor Agreement and the Trust Agreements require **BARNES** to pay liquidated damages, auditor fees, and all attorneys' fees and court costs incurred by the Funds in the collection process.

**The Claim**

9.      **BARNES** has breached the provisions of the Labor Agreement and Trust Agreements by failing to make contributions to the Funds for the work months from **September, 2007** through the present.

10.      Pursuant to the provisions of the Labor Agreement and Trust Agreements, **BARNES** is required to pay liquidated damages, auditor fees and all attorneys's fees and court costs incurred by the Funds in the collection process.

11.      Plaintiffs have complied with all conditions precedent in bringing this suit.

12.      Plaintiffs have been required to employ the undersigned attorneys to collect the monies that may be found to be due and owing from **BARNES.**

13.      **BARNES** is obligated to pay the attorneys' fees and court costs incurred by the

3

Plaintiffs pursuant to the Labor Agreement, the Trust Agreements, and 29 U.S.C. Section 1132 (g)(D).

14.     Pursuant to 29 U.S.C. Section 1132(g)(2) ( c ) , Plaintiffs are entitled to an amount equal to the greater of:

(I)     interest on the unpaid contributions; or

(ii)    liquidated damages provided for under the Trust Agreements
        not in excess of 20% of the amount that is due.

## Relief Sought

WHEREFORE, Plaintiffs pray for relief as follows:

A.     That **BARNES**   be ordered to submit all of the reports and contributions for the period **September, 2007  through the present**, and for an audit for the period from March 1, 2005 through the present;

B.     That judgment be entered in favor of Plaintiffs and against **BARNES**  in the amount shown to be due on the reports, and the audit;

C.     That Plaintiffs be awarded their costs herein, including audit costs, interest, reasonable attorneys' fees and court costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the Labor Agreement and Trust Agreements and 29 .U.S.C. Section 1132(g);

D.     That **BARNES**   be enjoined from violating the terms of the Labor Agreement and Trust Agreements by failing to make timely payments to the Funds and to be ordered to resume making those payments;

E      That **BARNES**   be ordered to submit to discovery of corporate records and assets

4

to determine if grounds exist to pierce the corporate veil and so obtain individual liability of the officers of **BARNES ;**

F.      That this Court retain jurisdiction of this matter to supervise enforcement of any resulting money judgment and further supplementary proceedings against **BARNES ;**

G.      That this Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

Respectfully submitted,

TRUTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND, et al,

    S/James R. Anderson
One of their Attorneys

DONALD D. SCHWARTZ
JAMES R. ANDERSON
ANTHONY B. SANDERS
ARNOLD AND KADJAN
19 West Jackson Blvd.
Chicago, Illinois 60604
(312) 236-0415

5